IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dajana L. Simic, | ) |
|                Plaintiff, | ) Case No.: 1:23-cv- 15286 |
| v. | ) |
| Ascension Alexian Brothers Medical Center, | ) |
|                Defendant. | ) |

## COMPLAINT

Plaintiff, Dajana L. Simic ("Plaintiff" or "Simic"), by and through her attorneys, Pietrucha Law Firm, LLC, for her Complaint against Defendant, Ascension Alexian Brothers Medical Center ("Ascension" or "Defendant"), states as follows:

## INTRODUCTION

1. This is an action for national origin discrimination in violation of the Civil Rights Act of 1964 ("Title VII"), disability discrimination in violation of the American with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA") and for violations to the Family and Medical Leave Act 29 U.S.C. § 2601, et seq. ("FMLA").

2. In total, Defendant employed Simic for over twenty years.

3. In her most recent position, Simic worked as a Senior Financial Analyst for Defendant.

4. Her job was to prepare and analyze financial statements, generate financial reports, maintain Defendant's budget and support Defendant's financial decision-making.

5. Defendant violated federal law when it failed to give Simic reasonable accommodations for her disability, fired her for requesting reasonable accommodation for her

6. disability, interfered with her medical leave from work rights and retaliated against her for requesting medical leave from work.

## PARTIES

7. Simic is an Illinois citizen.

8. Simic is a disabled individual with a hearing impairment.

9. Simic is of Croatian national origin.

10. Simic was employed but is no longer employed by Defendant.

11. Defendant is a Texas corporation that does business in Illinois.

12. Defendant owns a medical facility in Elk Grove Village, Illinois, providing medical patients with specialty and emergency care, and inpatient and outpatient surgery.

13. At all material times, Simic was an "Employee" as defined by the statutes listed herein.

14. At all material times, Defendant was an "Employer" as defined by the statutes listed herein.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as this case involves a federal question arising under federal law.

16. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Illinois, and there is no other district that has a substantial connection to the claim, as well as under 28 U.S.C. § 1391(b), as the alleged actions took place within this district and the Defendant operates within this jurisdiction.

## CONDITIONS PRECEDENT

17. On January 26, 2023, Simic timely cross-filed charges of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") (*See Exhibit A*).

18. On or about July 27, 2023, the EEOC issued Simic a Notice of Right to Sue (*See Exhibit B*). This Complaint has been filed within 90 days of receipt of that notice.

## FACTS COMMON TO ALL COUNTS

19. The Plaintiff, Simic, began her employment with the Defendant in 1998.

20. Subsequently, Defendant relocated Simic's team to Indiana, at which time Simic's employment ended.

21. However, Defendant re-hired Simic around November 2021, in the role of Senior Financial Analyst.

22. Simic, who identifies as a Croatian individual with a hearing impairment, made her national origin and hearing disability known throughout her tenure.

23. Defendant was aware of Simic's distinctive accent when she spoke.

24. Additionally, Defendant was aware of Simic's reliance on a hearing aid as a medical device.

25. While Simic was employed, Defendant intentionally placed her in close proximity to noisy machinery, a copy machine, resulting in a malfunction of her hearing device and a significant impairment in her ability to hear.

26. Because the noise from the copy machine was too loud, Simic asked to relocate and Defendant, through her manager, Christine Cullen ("Cullen") temporarily allowed Simic to sit in a quiet vacant office within the administration area.

27. Overall, Cullen treated Simic less favorably than Simic's co-workers, and based on her interactions with Cullen, Simic believed she was treated less favorably due to the fact that she was non-American, from Croatia.

28. One of Simic's co-workers indicated that she noticed Cullen was especially rude to Simic.

29. On August 22, 2022, Simic's audiologist notified Defendant that she could not be seated in loud work environments, as she needed to work from a location without noise exposure in order to hear speech properly.

30. Shortly thereafter, Cullen posted Simic's private health and other private information on a shared electronic drive, called the "M drive", which Defendant's Illinois employees had access to.

31. On August 23, 2022, Simic contacted Defendant's service desk indicating she found her "*medical condition and info what specialist I saw when the manager asked me who I am seeing. This is just a part….It makes me sick….I can not sleep….I feel abused, mentally and physically when the CFO said I can only sit by the copy machine…*"

32. After Simic complained about the sharing of her private medical information and other information, Cullen relocated Simic back near the loud copy machine.

33. Upon Simic's departure from the private office, Cullen instructed her to leave the computer equipment at her desk location. Simic was then advised to work from home using her personal equipment until new office equipment could be ordered for her.

34. Later, Simic's doctor completed a healthcare provide statement indicating that Simic would need 4 weeks away from work, starting on approximately August 29, 2022.

35. Simic took medical leave from August 29, 2022 until September 26, 2022.

36. Additionally, around the beginning of October 2022, Simic requested medical leave to care for her mother's serious medical condition, and her doctor indicated "*Mother dying from lung cancer. Needs to go to Bosnia to care for her*."

37. On or around October 14, 2022, Simic's doctor also requested additional time off from for Simic to care for her own serious medical condition.

38. Simic traveled to Bosnia for a few weeks.

39. Simic's mother passed away October 24, 2022.

40. Overall, Defendant failed to accommodate Simic's disability, despite Plaintiff's reasonable request for time off of work to care for her disability-related symptoms.

41. Additionally, Defendant interfered with Simic's job-protected medical leave and retaliated against Simic for requesting job-protected medical leave, and threatened to fire from her job.

42. Before Simic returned to work, Defendant terminated Simic's employment.

43. On December 12, 2022, Defendant determined Simic was separated from her job and her employment ended.

## COUNT I
### Violation of Title VII
**National Origin Discrimination – Harassment – Hostile Work Environment**

44. Simic repeats and realleges paragraphs 1 through 43 hereof, as if fully set forth herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Simic based of Simic's national origin in violation of Title VII.

46. Simic met or exceeded performance expectations.

47. Simic was treated less favorably than similarly situated employees outside of Simic's protected class.

48. Defendant's, through Simic's manager, Cullen, harassed Simic on the basis of her national origin.

49. Defendant acted in willful and/or reckless disregard of Simic's protected rights.

50. As a direct and proximate result of the discrimination described above, Simic has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
## Violation of the ADA
## Disability Discrimination – Failure to Accommodate

51. Simic re-alleges and re-asserts the preceding allegations as if fully set forth herein.

52. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the ADA.

53. Plaintiff is a qualified individual with a disability.

54. Defendant was aware of the disability and the need for accommodations.

55. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

56. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

57. Defendant did not accommodate Plaintiff's disability.

58. Plaintiff is a member of a protected class under the ADA due to Plaintiff's disability.

59. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
## FMLA INTERFERENCE

61. Simic re-alleges and re-asserts the preceding allegations as if fully set forth herein.

62. Plaintiff was an employee eligible for protected leave under the FMLA.

63. Defendant is and was an employer as defined by the FMLA.

64. Plaintiff exercised or attempted to exercise her rights under the FMLA.

65. Plaintiff was entitled to 12 full weeks of job-protected medical leave under the FMLA.

66. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights by requiring her to return to work before the end of her 12 weeks allotment.

67. Defendant denied Plaintiff a benefit to which she was entitled under the FMLA because it discouraged Plaintiff from fully using her FMLA leave and refused to allow Plaintiff to use the full amount of requested FMLA leave.

68. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

69. Plaintiff was injured due to Defendant's willful violations of the FMLA, and she is entitled to legal relief.

## COUNT IV
## FMLA RETALIATION

70. Simic re-alleges and re-asserts the preceding allegations as if fully set forth herein.

71. Plaintiff was an employee eligible for protected leave under the FMLA.

72. Defendant is and was an employer as defined by the FMLA.

73. Plaintiff exercised or attempted to exercise her rights under the FMLA.

74. Plaintiff took FMLA leave to care for herself and her mother.

75. Defendant punished Simic for requesting medical leave and otherwise subjected Plaintiff to unfair treatment and a hostile workplace environment.

76. The actions taken by Defendant against Plaintiff were those a reasonable employee would find materially adverse.

77. There exists a direct, causal connection between Plaintiff taking FMLA and the materially adverse actions taken by Defendant against Plaintiff.

78. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifferent for Plaintiff's rights.

79. Plaintiff was injured due to Defendant's willful violations of the FMLA, and she is entitled to legal relief.

## JURY DEMAND

80. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE**,** Simic prays that this Court enter an order granting Simic the following relief:

A. Reinstatement, or alternatively front pay.

B. Back pay.

C. Actual damages incurred as a result of the discrimination.

D. Punitive damages.

E. Pre Judgement interest.

F. Post Judgement interest.

G. Litigation costs.

H. Reasonable attorney's fees and any expert witness fees.

I. An order for Defendant to carry out policies, practices and programs which provide equal employment opportunities for disabled employees and employees of Croatian national origin, which eradicate the effects of its past and present unlawful employment practices.

J. Grant such other relief as the Court may find appropriate.

**Dated: October 24, 2023**

Respectfully submitted:

Dajana L. Simic

*/s/ Cynthia N. Pietrucha*
Cynthia N. Pietrucha
One of Her Attorneys

Cynthia N. Pietrucha
**Pietrucha Law Firm, LLC**
1717 N. Naper Blvd., Suite 200
Naperville, Illinois 60563
(630) 806-8610
cpietrucha@pietruchalaw.com
ARDC # 6315653